IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL D. MILES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. MACK, et al.,<br><br>　　　　Defendants. | No. C 10-05948 EJD (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED DEFENDANTS |

Plaintiff, an inmate at the Salinas Valley State Prison ("SVSP") in Soledad, California, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court ordered service of Plaintiff's complaint upon the named defendants. (See Docket No. 6.)

On June 8, 2011, the summonses for Defendants C. Hammond and G. Williams were returned unexecuted with the following remark: "The subject is not at the facility. The facility will not accept service." (Docket Nos. 14 & 15.) The summonses were sent to SVSP, where Plaintiff indicated these Defendants were located. (Id.) Accordingly, Hammond and Williams have not been served.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to

effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).  Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendants Hammond and Williams, and consequently Plaintiff must remedy the situation or face dismissal of his claims against these defendants without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994)(holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).  Accordingly, Plaintiff must provide the Court with these Defendants' accurate current location such that the Marshal is able to effect service.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

Plaintiff must file notice and provide the Court with the accurate current location of Defendants Hammond and Williams **within thirty (30) days of the date this order is filed,** such that the Marshal is able to effect service.  **If Plaintiff fails to provide the Court with an accurate current location for these Defendants in the time provided, Plaintiff's claims against Hammond and Williams will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED: June 23, 2011

EDWARD J. DAVILA
United States District Judge

Order Directing P to locate Ds
P:\PRO-SE\SJ.EJD\CR.10\Miles05948_unserved Ds.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RUSSEL D. MILES,

        Plaintiff,

  v.

DR. MACK, et al.,

        Defendants.
                                            /

Case Number: CV10-05948 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/24/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell D. Miles #AA7376
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: 6/24/2011

                                        Richard W. Wieking, Clerk
                                     /s/ By: Elizabeth Garcia, Deputy Clerk